UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| STEVIE J. SMITH, | ) Case No. EDCV 10-00671-SJO (SH) |
|   Petitioner, | ) MEMORANDUM AND ORDER<br>) DISMISSING PETITION FOR<br>) WRIT OF HABEAS CORPUS |
| v. | ) |
| AYERS, | ) |
|   Respondents. | ) |

On April 21, 2009, pro se petitioner, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in the United States District Court for the Eastern District of California. The matter was transferred to this Court, and assigned the above case number, on May 5, 2010. Petitioner challenges his 1995 sodomy conviction in the Superior Court of California, San Bernardino County. As best the Court can glean from the allegations in the Petition, petitioner solely alleges that the evidence was insufficient to support that conviction.

1

(Petition at 2, 5-6).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Here, petitioner has failed to allege in the Petition that the claim(s) raised in the Petition was/were presented to the California Supreme Court. Indeed, petitioner admits he did not present the claim(s) raised in the Petition to the California Supreme Court. (See Petition at 3-4). It appears conclusively from the face of the Petition that the claim(s) alleged in the Petition is/are unexhausted.

Accordingly, the claim(s) alleged in the Petition is/are unexhausted and the Petition is properly dismissed without prejudice.

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice to refiling after exhaustion of state remedies.[1]

May 10, 2010

DATED: _____

*S. James Otero*

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:
Date: 5/7/10

*Stephen J. Hillman*

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] This dismissal does not relieve petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.